**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 21-CR-162-JFH** |
| **JUSTIN DALE LITTLE,** | |
| **Defendant.** | |

**<u>OPINION AND ORDER</u>**

Before the Court is a motion to suppress evidence based on the state's lack of jurisdictional authority to investigate and prosecute ("Motion") filed by Defendant Justin Dale Little ("Defendant").  Dkt. No. 58.[1]  The United States of America ("Government") opposes the Motion.  Dkt. No. 66.  For the reasons stated, the Motion is DENIED.

Defendant is charged with one count of first degree murder in Indian country relating to events which occurred on or about April 22, 2018.  Dkt. No. 2.  He argues that Oklahoma state investigators lacked jurisdiction to investigate or prosecute him because he is an Indian man and the alleged offense occurred in Indian country.  Dkt. No. 58 at 1.

In 2017, the Tenth Circuit decided *Murphy v. Royal*, holding that Congress had not disestablished the Muscogee (Creek) Nation and Oklahoma state courts lacked jurisdiction to prosecute Indians on tribal land.  875 F.3d 896 (10th Cir. 2017).  However, the Tenth Circuit stayed

---

[1]  Two other motions to suppress remain pending:  one on Fourth Amendment grounds and one on Fifth Amendment grounds.  *See* Dkt. No. 54; Dkt. No. 56.  The Court has set an evidentiary hearing on these motions.  *See* Dkt. No. 60.  The Court notes that defense counsel's filing of three motions to suppress violated the Court's scheduling order, which states one motion to suppress per defendant is allowed without leave of court.  Dkt. No. 49 at 1.  The Court recognizes that the case was recently reassigned and that defense counsel are from out of state.  However, it expects all attorneys, regardless of home district, to familiarize themselves with and abide by the Court's scheduling orders in their Northern District cases.

issuance of its mandate pending appeal to the Supreme Court.  *See Murphy v. Royal*, Case Nos.

07-7068 & 15-7041, Document No. 01019902688 (10th Cir. Nov. 16, 2017).  "As a result, that

decision lacked the force of law until the Supreme Court affirmed it in July 2020."  *United States*

*v. Patterson*, Case No. CR-20-71-RAW, 2021 WL 633022, at *5 (E.D. Okla. Feb. 18, 2021) (citing

*Sharp v. Murphy*, --- U.S. ---, 140 S. Ct. 2412, 207 L.Ed.2d 1043 (2020) (per curiam)).  In July

2020, the Supreme Court decided *McGirt v. Oklahoma*, 140 S.Ct. 2452 (2020), and held that while

Congress had diminished the Creek reservation in Eastern Oklahoma, it had never formally

disestablished it.  This imposed federal "jurisdiction over the apprehension and prosecution of

major crimes by or against Indians in a vastly expanded Indian Country." *State ex rel. Matloff v.*

*Wallace*, 497 P.3d 686, 692 (Okla. Crim. App. 2021).  *McGirt*'s holding was later extended to

other reservations as well.

Defendant argues that the Tenth Circuit's *Murphy* decision—issued in 2017, before the

2018 charged conduct in this case—requires suppression of all fruits of Defendant's arrest and

warrants.  Dkt. No. 58.  However, courts have repeatedly rejected this argument.  In *Patterson*,

Judge Ronald A. White of the Eastern District of Oklahoma explained that *Murphy* lacked the

force of law until after *McGirt* was decided.  2021 WL 633022 at *5.  Judge White also noted that

police officers are not attorneys and "even nine of this country's pre-eminent jurists were sharply

divided on the question of whether Congress disestablished the Muscogee (Creek) Nation

Reservation." *Id.* at *4.  He wrote:

> Put bluntly, Defendant asks the court to declare that [law
> enforcement] acted in willful ignorance of the law even though the
> State of Oklahoma ha[d], for the past century, investigated, arrested,
> prosecuted, and convicted Native Americans for crimes on the lands
> in question.  [Law enforcement] certainly ha[d] every right to rely
> on the regular and consistent practices of not just [their] own agency,
> or even other agencies, but the practices of courts throughout the
> region in exercising jurisdiction in the form of search warrants,

> arrest warrants, and criminal proceedings. To hold that [they were] unreasonable in relying on that history is no different than penalizing an officer who relies in good faith on the incorrect findings of a neutral magistrate with respect to a warrant.

*Id.* (denying motion to suppress evidence of a 2019 post-*Murphy*, pre-*McGirt* state investigation). This same conclusion has been reached by other judges in both the Northern and Eastern Districts of Oklahoma—including the undersigned. *See United States v. Pemberton*, Dkt. No. 47, Case No. 21-CR-012-JFH (E.D. Okla. Aug. 20, 2021) (Heil, J.); *United States v. Bailey*, No. 20-CR-0188-CVE, 2021 WL 3161550, at *3 (N.D. Okla. July 26, 2021) (Eagan, J.); *United States v. Hamett*, 535 F. Supp. 3d 1133, 1140 (N.D. Okla. 2021) (Eagan, J.); *cf. United States v. Budder*, --- F. Supp. 3d ---, No. 6:21-CR-00099-DCJ, 2022 WL 1948762, at *7 (E.D. Okla. Apr. 29, 2022) (Joseph, J.) (borrowing from suppression analysis in another context and explaining "Because, prior to *McGirt*, all parties were operating under the belief that Oklahoma had jurisdiction over these areas, Oklahoma federal courts have uniformly refused to suppress evidence gathered by police officers reasonably acting under that belief.").

Defendant advances no new arguments beyond those already considered in *Patterson*, *Pemberton*, *Bailey*, and *Hamett*. Because the Tenth Circuit's 2017 *Murphy* decision did not have force of law until after the Supreme Court's 2020 *McGirt* decision, exclusion of Defendant's 2018 state arrest and related investigation is not warranted.

IT IS THEREFORE ORDERED that Defendant's motion to suppress evidence based on the state's lack of jurisdictional authority to investigate and prosecute [Dkt. No. 58] is DENIED.

DATED this 24th day of October 2022.

JOHN F. HEIL, III
UNITED STATES DISTRICT COURT