IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUSTIN DALE LITTLE,<br><br>Defendant. | Case No. 21-CR-162-JFH |

**OPINION AND ORDER**

Before the Court is a motion to preclude new medical examiner's report and testimony ("Motion") filed by Defendant Justin Dale Little ("Defendant"). Dkt. No. 59. The United States of America ("Government") opposes the Motion. Dkt. No. 65. The Court held a hearing on the Motion on October 26, 2022. Dkt. No. 74. For the reasons stated, the Motion is DENIED.

**BACKGROUND**

Defendant is charged with one count of first degree murder in the killing of Johnathon Weatherford ("Weatherford") on April 22, 2018. Dkt. No. 2. On April 22, 2018, Weatherford was found laying on train tracks in Jenks, Oklahoma with a single gunshot to the back. He died later the same day. Defendant was subsequently arrested and charged with first degree murder related to the shooting.

Medical examiner Dr. Cheryl Niblo ("Niblo") performed an autopsy on Weatherford and issued a report with her findings. Dkt. No. 65 at 1. However, Niblo has since retired. *Id.* at 2. Her successor, Dr. Jeremy Shelton ("Shelton"), "prepared a substitute medical examiner report in which he lists the materials he reviewed and the facts he relied on in reaching his independent conclusions." *Id.* The materials listed in Shelton's report include "report of investigation by medical examiner, body diagram, report of laboratory analysis, investigative narrative, archived

photographs and radiographs, and medical records." Dkt. No. 59-1 at 2. Both medical examiners concluded that Weatherford's cause of death was a gunshot wound to the back and that the manner of death was homicide.

## AUTHORITY AND ANALYSIS

Defendant seeks exclusion on the basis that Shelton would "convey[] the forensic findings in [Niblo's] conclusive reports" as "a surrogate witness," which he argues would cause a Confrontation Clause violation. Dkt. No. 59 at 3.[1] The Government states it does not plan to attempt to introduce Niblo's report itself, but it believes Shelton's testimony is proper because Shelton reached his own independent conclusion, based in part but not in whole upon Niblo's report. Dkt. No. 65 at 4.

"[T]he manner in which, and degree to which, an expert may merely rely upon, and reference during [his or] her in-court expert testimony, the out-of-court testimony conclusions in a lab report made by another person not called as a witness is a nuanced legal issue without clearly established bright line parameters, particularly in light of the discordant 4-1-4 divide of opinions in *Williams* [*v. Illinois*, 567 U.S. 50 (2012)]." *United States v. Pablo*, 696 F.3d 1280, 1293 (10th Cir. 2012). "If an expert simply parrots another individual's out-of-court statement . . . then the expert is, in effect, disclosing that out-of-court statement for its substantive truth; the expert thereby becomes little more than a backdoor conduit for an otherwise inadmissible statement." *Id.* at 1288. Conversely, the Federal Rules of Evidence are clear that an expert may testify to his or her independent conclusions "even if that opinion is based on otherwise inadmissible facts or data, which at times may include out-of-court testimonial statements." *Id.*; Fed. R. Evid. 703. In sum, "opinion testimony will not violate the Confrontation Clause when the testifying expert provides

---

[1] The parties agree that Niblo is an unavailable witness and that Niblo's report is testimonial.

2

an independent judgment, even if the testimony is in some part based on inadmissible evidence." *Jimenez v. Allbaugh*, 702 F. App'x 685, 688 (10th Cir. 2017).[2]

Here, Shelton's report states he reviewed body diagram, laboratory analysis, investigative narrative, archived photographs and radiographs, and medical records as well as Niblo's report. Dkt. No. 59-1 at 2. His conclusion is succinct: the cause of death is due to a gunshot wound of the back and the manner of death is homicide. *Id.* The Court agrees with the Government's statement at hearing that "[t]his is not an overly complex issue that would require a significant delineation or reporting of Dr. Shelton's findings," as "the cause of death has been almost summarily unchallenged as it was a gunshot to the back." Dkt. No. 74 at 52:20-25.

The Court is not concerned that Shelton would only "parrot" Niblo and "backdoor" her report into evidence at trial. "As long as an expert is applying his training and experience to the sources before him and reaching an independent judgment, there will typically be no [Confrontation Clause] problem. The expert's opinion will be an original product that can be tested through cross-examination." *United States v. Garcia*, 793 F.3d 1194, 1212 (10th Cir. 2015) (quoting *United States v. Johnson*, 587 F.3d 625, 635 (4th Cir. 2009)). Shelton stated he reviewed photographs, radiographs, and medical records in addition to reports and analyses, presumably including Niblo's report. Dkt. No. 59-1 at 2. Based on the variety of sources Shelton states he reviewed, the Court believes Shelton will testify to an independent judgment. Defendant will be able to cross-examine him. Exclusion is not warranted.

---

[2] Unpublished opinions are not binding precedent but may be cited for their persuasive value. *See* 10th Cir. R. 32.1; Fed. R. App. P. 32.1.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's motion to preclude new medical examiner's report and testimony [Dkt. No. 59] is DENIED.

DATED this 4th day of November 2022.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE